UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHRISTOPHER TULLY
3509 28th Avenue
Kenosha, Wisconsin 53140

Plaintiff,

v.

OLDS PRODUCTS CO. OF ILLINOIS
10700 88th Avenue
Pleasant Prairie, Wisconsin 53158

Defendant

Case No. 26-cv-1954

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

## PRELIMINARY STATEMENT

1. This case is brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), by Plaintiff, Christopher Tully, against Defendant, Old Products Co. of Illinois, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or Defendant has substantial and systematic contacts in this District.

**PARTIES**

5. Plaintiff, Christopher Tully, is an adult male resident of the State of Wisconsin residing at 3509 28th Avenue, Kenosha, Wisconsin 53140.

6. Defendant, Olds Products Co. of Illinois, is an entity doing business in the State of Wisconsin with a principal office address of 10700 88th Avenue, Pleasant Prairie, Wisconsin 53158.

7. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

8. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

9. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During Plaintiff's employment with Defendant, Plaintiff worked as an hourly-paid, non-exempt employee in the position of Maintenance at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

11. During Plaintiff's employment with Defendant, Defendant employed more than two (2) employees.

12. During Plaintiff's employment with Defendant, Defendant's annual dollar volume of sales or business exceeded $500,000.

13. During Plaintiff's employment with Defendant, Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

14. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

15. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

16. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedules and provided Plaintiff with work assignments and hours of work.

17. During Plaintiff's employment with Defendant, Plaintiff utilized Defendant's employment policies, practices, and/or procedures in the performance of his job duties.

18. During Plaintiff's employment with Defendant, Defendant oversaw, managed, and adjudicated Plaintiff's employment-related questions, benefits-related questions, and workplace issues.

## GENERAL ALLEGATIONS

19. On or about September 2, 2025, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Maintenance working in the State of Wisconsin.

20. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

21. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

22. On or about September 30, 2026, Plaintiff's employment with Defendant ended.

23. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

24. During Plaintiff's employment with Defendant, Defendant knew or had knowledge that Plaintiff often worked in excess of forty (40) hours per workweek.

25. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

26. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

27. During Plaintiff's employment with Defendant, Plaintiff was a non-union employee of Defendant.

28. During Plaintiff's employment with Defendant, Defendant shaved time (via electronic timeclock rounding) from Plaintiff's weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of Plaintiff and to the benefit of Defendant, in violation of the FLSA and the WWPCL.

29. During Plaintiff's employment with Defendant, Plaintiff was subject to Defendant's pay and timekeeping policies and practices.

30. During Plaintiff's employment with Defendant, Defendant tracked and/or recorded Plaintiff's hours worked each workweek.

31. During Plaintiff's employment with Defendant, Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff used on a daily basis for timekeeping and/or recordkeeping purposes.

32. During Plaintiff's employment with Defendant, Plaintiff used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

33. During Plaintiff's employment with Defendant, Defendant maintained employment records and other documentation regarding Plaintiff.

34. During Plaintiff's employment with Defendant, Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff.

35. During Plaintiff's employment with Defendant, Defendant maintained a centralized system for compensating Plaintiff for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

36. During Plaintiff's employment with Defendant, Plaintiff used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of his shifts, respectively.

37. During Plaintiff's employment with Defendant, Plaintiff performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of his shifts each workday.

38. During Plaintiff's employment with Defendant, Defendant's compensation practice applicable to Plaintiff at the beginning of his shifts each workday was to round his actual hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system forward in fifteen (15) minute increments to his scheduled shift start times. For example, during Plaintiff's employment with Defendant and on any given workday, if Plaintiff arrived to work at Defendant and "clocked in" via Defendant's electronic timekeeping system at 5:35 p.m. for his 5:45 p.m. scheduled shift start time and immediately engaged in compensable work, Defendant did not compensate Plaintiff for engaging in compensable work and rounded Plaintiff's start time for compensation purposes to his scheduled shift start time of 5:45 p.m. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiff's timesheets each workday and each workweek for pre-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

39. During Plaintiff's employment with Defendant, Plaintiff performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of his shifts each workday.

40. During Plaintiff's employment with Defendant, Defendant's compensation practice applicable to Plaintiff at the end of his shifts each workday was to round his actual hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system backwards in fifteen (15) minute increments to his scheduled shift end times. For example, during Plaintiff's employment with Defendant and on any given workday, if Plaintiff arrived to work at Defendant and "clocked out" via Defendant's electronic timekeeping system at 6:20 a.m. immediately after engaging in compensable work as for his 6:15 a.m. scheduled shift

end time, Defendant did not compensate Plaintiff for engaging in compensable work and rounded Plaintiff's end time for compensation purposes backwards to his scheduled shift end time of 6:15 a.m. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiff's timesheets each workday and each workweek for post-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

41. During Plaintiff's employment with Defendant, Defendant's pay policies and practices failed to compensate Plaintiff for work performed each workday as described herein despite Defendant having an actual and accurate record of Plaintiff's pre-shift and post-shift hours worked and/or work performed via Defendant's electronic timekeeping system.

42. During Plaintiff's employment with Defendant, Defendant also failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's regular rates of pay for overtime purposes in violation of the FLSA and the WWPCL.

43. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff with, in addition to his hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

44. During Plaintiff's employment with Defendant, the monetary compensation that Defendant provided to Plaintiff was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff to

encourage and/or reward his steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

45. During Plaintiff's employment with Defendant, Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's regular rate(s) of pay for overtime compensation purposes during workweeks when Plaintiff worked more than forty (40) hours during the representative time period.

46. During Plaintiff's employment with Defendant, Defendant's policies in practice failed to compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

47. During Plaintiff's employment with Defendant, Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff for all pre-shift and post-shift compensable work performed as described herein despite having a record of all hours worked and work performed each workday and each workweek via its electronic timekeeping system.

48. During Plaintiff's employment with Defendant, Defendant did not properly and lawfully compensate Plaintiff for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

49. During Plaintiff's employment with Defendant, Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff when compensable work commenced and ceased each workday.

50. During Plaintiff's employment with Defendant, and during workweeks when no overtime was due, Defendant suffered or permitted Plaintiff to work without being paid

appropriate and lawful compensation for all hours worked and/or work performed each workday and each workweek.

51. During Plaintiff's employment with Defendant, Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**FIRST CAUSE OF ACTION**
**Violations of the FLSA – Unpaid Overtime Wages**

52. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

53. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

54. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA.

55. At all times material herein, Plaintiff was an employee of Defendant as provided under the FLSA.

56. Defendant violated the FLSA by suffering or permitting Plaintiff to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours at the correct overtime rate of pay by shaving time from Plaintiff's weekly timesheets for pre-shift and post-shift hours worked and/or work performed and by failing to include all forms of non-discretionary compensation in Plaintiff's regular rate(s) of pay for overtime compensation purposes during workweeks when Plaintiff worked more than forty (40) hours during the representative time period.

57. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

58. Defendant was subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

59. Defendant's failure to properly compensate Plaintiff with overtime pay was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

60. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

61. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

62. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CAUSE OF ACTION**
**Violations of the WWPCL – Unpaid Overtime Wages**

63. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

64. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

65. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

66. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

67. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

68. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

69. During Plaintiff's employment with Defendant, Defendant willfully failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours at the correct overtime rate of pay by shaving time from Plaintiff's weekly timesheets for pre-shift and post-shift hours worked and/or work performed and by failing to include all forms of non-discretionary compensation in Plaintiff's regular rate(s) of pay for overtime compensation purposes during

workweeks when Plaintiff worked more than forty (40) hours during the representative time period.

70. As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

71. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CAUSE OF ACTION
## Violations of the WWPCL – Failure To Pay Regular Wages & An Agreed-Upon Wage

72. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

73. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

74. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

75. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

76. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

77. During Plaintiff's employment with Defendant, and in accordance with Wis. Stat. § 109.01(3), Plaintiff was entitled to all agreed-upon compensation, payments, and/or wages from Defendant, as described herein, such as regular wages and overtime wages.

78. During Plaintiff's employment with Defendant and to date, Defendant willfully failed to timely compensate Plaintiff with all agreed-upon wages or payments, as defined in Wis. Stat. § 109.01(3), for any and all hours worked each workweek by shaving time from Plaintiff's weekly timesheets for pre-shift and post-shift hours worked and/or work performed, in violation of Wis. Stat. § 109.03(1).

79. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

80. Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal to the unpaid wages and recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid regular and/or agreed-upon wages, pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;
2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees and costs; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 21st day of October, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, Wisconsin 53226
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com